**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT COAR,                     :      Civil Action No. 07-2034 (KSH)
                                 :
            Petitioner,          :
                                 :
      v.                         :              **O P I N I O N**
                                 :
GEORGE ROBINSON, et al.,         :
                                 :
            Respondents.         :
_____      :

**APPEARANCES:**

> ROBERT COAR, #121875B
> Southern State Correctional Facility
> Delmont, New Jersey  08314
> Petitioner Pro Se

**HAYDEN**, District Judge

On May 1, 2007, Robert Coar filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) challenging a decision of the New Jersey State Parole Board denying release on parole and imposing a 29-month future parole eligibility term. See Docket Entry No. 1.  On May 10, 2007, the Court advised the petitioner about his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  See Docket Entry No. 2.  On May 30, 2007, the petitioner notified the Court about his desire to have his petition ruled upon as drafted.  See Docket Entry No. 3.  For the reasons expressed below, the Court dismisses the petition with prejudice and declines to grant a certificate of appealability.

## BACKGROUND

On October 1, 1999, after a jury convicted the petitioner of two counts of sexual assault and one count of endangering the welfare of a child, the Superior Court of New Jersey, Law Division, Passaic County, imposed an aggregate 14-year term of incarceration. See State v. Coar, Indictment No. 95-11-1293-I (Law Div. Oct. 1, 1999).   By the date of this opinion, the petitioner had been denied parole three times: (1) on May 21, 2002 ("First Denial"); (2) on March 19, 2004 ("Second Denial"); and (3) on August 23, 2005 ("Third Denial").[1]   See Coar v. New Jersey State Parole Bd. ("Coar State"), 2006 WL 2472010, at *1 and n. 1 (N.J. Super. App. Div. Aug. 29, 2006).   The petitioner appealed his First and Second Denials to the Superior Court of New Jersey, Appellate Divisions, as well as to the Supreme Court of New Jersey, and the state courts affirmed the decisions of the parole board.   See id.; Coar v. New Jersey State Parole Bd., 189 N.J. 103 (2006); 185 N.J. 393 (2005).

Unsatisfied with the decisions of the state courts with respect to the First Denial, the petitioner filed a § 2254 petition for writ of habeas corpus with this District Court.   See Coar v. McFarland ("Coar District"), 2006 U.S. Dist. LEXIS 48586, Civil Action No. 05-2260 (RBK) (D.N.J. June 30, 2006).   The petitioner asserted that the decision of the parole board violated his rights

---

[1]

The petitioner's instant application challenges his Second Denial.   See generally, Pet.

to due process of law and equal protection of the laws guaranteed by the Fourteenth Amendment, as well as the First, Fifth, Sixth, and Eighth Amendments, and the Double Jeopardy and Ex Post Facto Clauses.  See id.  Specifically, he contended that

> (1) the Parole Board's denial of parole violate[d] due process because the finding that he will commit a crime if released on parole is not supported by a preponderance of the evidence; (2) the Board violated the Ex Post Facto Clause by denying parole based on Petitioner's failure to participate in rehabilitative programs; (3) the Parole Board violated the Double Jeopardy Clause by denying parole based on the nature of the crime; (4) the Parole Board violated Petitioner's Fifth Amendment right against self-incrimination by denying parole on the ground that Petitioner [refused to discuss the offenses for which he was convicted;] (5) the failure of Appellate Division Judge Yannotti to recuse himself from Petitioner's case violated Petitioner's Sixth Amendment right . . .; and (6) the Parole Board violated its own regulations by failing to decide his administrative appeal within 45 days of filing.

Id. at *4-5.

Judge Kugler denied the petitioner's application, finding the petitioner's arguments without merit.  See id. at *11-26.  The petitioner appealed Judge Kugler's decision to the Court of Appeals for the Third Circuit.  See Coar District, Docket Entry No. 18.  The Court of Appeals denied the petitioner a certificate of appealability.  See id., Docket Entry No. 21.

On July 31, 2006, the petitioner filed with this District Court an application challenging his Second Denial pursuant to 28 U.S.C. § 2241.  See Pet. at 4, n. 2.  On August 9, 2006, that application was dismissed by Judge Pisano for lack of jurisdiction.

3

See Coar v. N.J. State Parole Bd. ("Petition-I"), 2006 U.S. Dist. LEXIS 55332, at *7 (D.N.J. Aug. 9, 2006) ("Because Petitioner's challenge to the denial of parole is not cognizable under 28 U.S.C. § 2241, this Court will dismiss the Petition without prejudice to the filing of a petition under 28 U.S.C. § 2254, subject to the statute of limitations") (citation omitted).  On August 21, 2006, the petitioner filed with this District Court an application challenging his Second Denial pursuant to § 2254 and naming the parole board and New Jersey Attorney General as respondents in that action.  See Coar v. N.J. State Parole Bd. ("Petition-II"), Civil Action No. 06-3956 (DMC), Docket Entry No. 1.  On October 19, 2006, Judge Cavanaugh advised the petitioner that he "has failed to name as a respondent an indispensable party" and that he "may file an amended petition naming a proper respondent."  See Coar v. N.J. State Parole Bd., 2006 U.S. Dist. LEXIS 76471, at *2-3 (D.N.J. Oct. 19, 2006).  On October 31, 2006, the petitioner amended his § 2254 application by naming, once again, an improper respondent.  See Petition-II, Docket Entry No. 3.  On April 2, 2207, Judge Cavanaugh dismissed, without prejudice, the petitioner's amended § 2254 application for failure to name the proper respondent.  See Coar v. N.J. AG, 2007 U.S. Dist. LEXIS 24066, at *9 and n. 3 (D.N.J. Apr. 2, 2007) ("As this Court has previously granted Petitioner leave to amend to name a proper respondent, this Court will dismiss the Petition rather than grant leave to amend a second time").

4

While the petitioner was seeking a writ of habeas corpus from this District Court with respect to his Second Denial, the Superior Court of New Jersey, Appellate Division, dismissed the petitioner's appeal with respect to the petitioner's Third Denial, and the Supreme Court of New Jersey affirmed the decision of the Appellate Division.   See Coar State, 2006 WL 2472010; Coar v. New Jersey State Parole Bd., 189 N.J. 103.

On May 1, 2007, the petitioner filed the instant petition naming the proper respondent and challenging, again, his Second Denial.   See Docket Entry No. 1.

The instant petition does not clearly state the petitioner's grounds.   Rather, the petition consists of sixty paragraphs stating (and often repeating and re-repeating) various arguments.   See generally, Docket Entry No. 1.  The arguments stated in these sixty paragraphs could be subdivided, procedural history-wise, into two general categories: (1) statements repeating the arguments addressed and dismissed by Judge Kugler; and (2) arguments not raised before Judge Kugler.   See id.  Substantively, these sixty paragraphs could be subdivided into five groups of statements that might be interpreted as: (1) a line of arguments referring to the preponderance of evidence standard and concentrating on the claim that the parole board violated the state law by denying petitioner parole because "[t]he Parole Board has no preponderance of evidence

[that the] petitioner will commit a crime if released on parole";[2] (2) a claim that Judge Yannotti violated the petitioner's Sixth Amendment rights by failing to recuse himself; and (3) an allegation that the parole board violated the petitioner's right by violating its own regulations through failing to decide his administrative appeal within 45 days of filing; (4) an assertion that the proper standard for evaluation "is not whether or not there is a 'substantial likelihood' of recidivism" employed by the parole board but the "preponderance of evidence" standard; (5) a line of arguments concentrating on the claim that the petitioner's rights under the Equal Protection and Due Process Clauses were violated by the fact that the petitioner was denied parole.  See Pet. 5-14.  To make the matters even more confusing, the instant petition is so drafted that the two general categories (of previously raised and new arguments) cannot be clearly correlated to the five substantive groups of statements.[3]  See generally, Pet.

_____

[2]

The petitioner incorporates the following statements into this line of arguments: (a) "the Board is not allowed to consider the nature of the crime in deciding whether or not to grant parole," (b) "[t]he Parole Board [is] not allowed to consider lack of program participation"; © the parole board's considerations related to the petitioner's lack of program participation amounts to a violation of the Ex Post Facto Clause; and (6) the parole board reliance on the petitioner's refusal to discuss his underlying offenses violated the petitioner's Fifth Amendment rights against self-incrimination. See Pet. 5-8.

[3]

This Court notes that the petitioner's instant petition consisting of sixty paragraphs of narratives mixed with legal citations--but lacking a single clearly articulated ground for

**STANDARD OF REVIEW**

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and

---

relief--comes dangerously close to a submission failing to state a claim. See McFarland v. Scott, 512 U.S. 849, 856 (1994) (noting that "[h]abeas corpus petitions must meet heightened pleading requirements"). As the Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground. . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.

Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).

7

convincing evidence to the contrary." <u>Stevens v. Delaware Correctional Center</u>, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[4] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but

---

[4] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." <u>Sellan v. Kuhlman</u>, 261 F.3d 303, 311 (2d Cir.2001).

unreasonably applies that principle to the facts of the prisoner's case."  <u>Williams</u>, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  <u>Id</u>. at 409-10.

A court begins the analysis by determining the relevant clearly established law.  <u>See</u> <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 660 (2004).  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  <u>Williams</u>, 529 U.S. at 412.  A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71, 72 (2003).

## **DISCUSSION**

### A.   **Timeliness of the Instant Petition**

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For the purposes of petitioner's instant application, the limitations period runs from "the date on which the judgment became final by the conclusion of

9

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

Therefore, the petitioner's conviction became final 90 days after the Supreme Court of New Jersey denied the petitioner certification with respect to the petitioner's direct appeal. The petitioner states, in no ambiguous terms, that the Supreme Court of New Jersey denied him certification with respect to his Second Denial, i.e., the matter being currently before this Court, on November 15, 2005. See Pet. at 4. Therefore, the petitioner's period of limitations began to run on February 17, 2006, and expired on February 19, 2007 (since February 17 and 18 of 2007 fell on weekend). In view of the fact that the petitioner filed his

instant petition  on May 1, 2007, the petition appears to be time barred.[5]

This Court, however, is mindful of the Court of Appeal's observation made in <u>Miller v. New Jersey State Dep't of Corr.</u>, that "equitable tolling is proper . . . when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'"[6]  145 F.3d 616, 618 (3d Cir. 1998) (quoting <u>Shendock v.</u>

_____

[5]

The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.  <u>See</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However,  the fact that the petitioner filed improper petitions with this District Court, that is, his Petition-I and Petition-II, does not trigger statutory tolling.  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and, thus, does "not toll the limitation period during the pendency of respondent's first federal habeas petition"); <u>Slutzker v. Johnson</u>, 393 F.3d 373, 382 (3d Cir. 2004) (same); <u>see</u> <u>also</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 274-75 (2005) ('[T]he filing of a petition for habeas corpus in federal court does 'not toll the statute of limitations"); <u>accord</u> <u>Hartmann v. Carroll</u>, 2007 U.S. App. LEXIS 16187 (3d Cir. July 9, 2007).

[6]

Presuming that the AEDPA statute of limitations is subject to equitable tolling,  <u>see</u> <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair,  such  as  when  a  state  prisoner  faces  extraordinary

Director, Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)); accord Duncan, 533 U.S. at 184 (Stevens, J., concurring) ("[A] federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar habeas review for petitioners who invoke the court's jurisdiction within the 1-year interval prescribed by AEDPA," but "whose timely filed petitions remain pending in district court past the limitations period"); Graf v. Moore, 214 Fed. App. 253, 258 (3d Cir. 2007) (explaining that equitable tolling is appropriate where the petitioner who filed a timely petition might be bona fide confused about a procedural defect).  Therefore, this Court deems the petitioner's application timely under the equitable tolling doctrine in view of the petitioner's diligent filings of his Petition-I and Petition-II, both of which were filed within one year period of limitations.

**B.   Substantive Validity of the Instant Petition**

While this Court finds that the petitioner's instant application is timely in the sense that it qualifies for equitable tolling, the five substantive groups of claims stated in the petition do not warrant habeas relief since all arguments made by

---

circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."   LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).

the petitioner consist of (a) repetitions of the claims already addressed and deemed meritless by Judge Kugler during the petitioner's challenge of his First Denial, and (b) state law-based and constitutional claims that, on their face, fail to merit habeas relief.[7]

### 1.    Preponderance of Evidence Line of Arguments

   a.    <u>Previously Addressed Challenges Based on the U.S. Constitution</u>

The petitioner's first line of arguments elaborates on his allegation that the parole board violated state law by denying the petitioner parole because "[t]he Parole Board has no preponderance of evidence [that the] petitioner will commit a crime if released on parole."  <u>See</u> Docket Entry No. 18.

The first of three aspects of this line of arguments relates to the United States Constitution (specifically, to the Ex Post Facto Clause and two Fifth Amendment clauses) and, therefore, raises the issues already examined by Judge Kugler and found without merit.  Addressing this constitutional aspect of the petitioner's claim, Judge Kugler explained to the petitioner that,

---

[7]

In view of the fact that all claims stated by the petitioner either recited the very same arguments that (a) were addressed and deemed meritless by this District Court during the petitioner's challenge of his First Denial, or (b) fail, on their face, to merit habeas relief, this Court dispensed with directing the respondents from serving their answer.

"[w]hile one might second guess the parole board decision, and state court's approval of it, it is not the role of the federal courts to do so." Coar District, 2006 U.S. Dist. LEXIS 48586 at *10 (quoting Hunterson v. DoSabato, 308 F.3d 236, 244 (3d Cir. 2002)). Moreover, Judge Kugler specified that the state court's affirmation of the parole board decision cannot be deemed constitutionally defective if the analysis employed by the parole board was sufficiently grounded in various considerations that included the petitioner's multiple crimes of a serious nature, lack of insight into his criminal behavior and lack of the petitioner's participation in any programs. See id. at *11-14.

Yet the petitioner now raises the very same challenges that were deemed meritless by Judge Kugler, i.e., that the parole board's Second Denial was constitutionally defective in the sense that the Second Denial violated the Ex Post Facto Clause and Fifth Amendment because the parole board's analysis included the petitioner's multiple crimes of a serious nature, lack of insight into his criminal behavior and lack of the petitioner's participation in any programs.[8] See Pet. at 5-8. The sole wrinkle

_____

[8]

The petitioner does not allege that his situation changed since Judge Kugler ruled on his challenges to his First Denial. The petitioner does not even suggest that, contrary to the parole board's impression, the petitioner actually participated in any program or made an effort to obtain any insights into his criminal behavior. See generally, Pet. Moreover, the recent decision of the Superior Court of New Jersey, Appellate Division, verifies that, even by the time of his appeal of his Third Denial (and, thus, long after the time when the petitioner was undergoing the

of the petitioner's instant claim appears to be that, instead of alleging *only* constitutional grounds (as he did when he challenged his First Denial, see Coar District, 2006 U.S. Dist. LEXIS 48586, at *11-25), the petitioner is now relying on the United States Constitution, as well as state court decisions in In re Application of Trantino, 89 N.J. 347 (1982), and New Jersey State Parole Bd. v. Cestari, 224 N.J. Super. 534 (N.J. App. Div. 1988). See Pet. at 5-8.

Since the petitioner's constitutional arguments based on the Ex Post Facto Clause of the Article I, the Fifth Amendment privilege against self-incrimination and the Double Jeopardy Clause of the Fifth Amendment, were already examined in detail by the District Court and found not meriting habeas relief, see Coar District, 2006 U.S. Dist. LEXIS 48586, at *11-25, this Court finds the petitioner's repeat of the very same constitutional arguments without merit for the reasons already stated by Judge Kugler and deemed not meriting a certificate of appealability by the Court of Appeals. See Coar District, 2006 U.S. Dist. LEXIS 48586, at *11-25. This Court, therefore, turns to those claims related to the

--------------------------------------------------

parole board examination which resulted in the Second Denial), the petitioner still did not express any interest in obtaining any insights into his criminal behavior and remained unadmitted to any program. See Coar State, 2006 WL 2472010.

petitioner's "preponderance of evidence" line of arguments, which are based on the state law.[9]

b.  <u>New Challenges Based on State Case Law</u>

The second of three aspects of the petitioner's "preponderance of evidence" line of arguments relates to state case law.  The petition alleges that the parole board's consideration of the petitioner's crimes, lack of program participation and lack of insight into his criminal behavior violated the petitioner's rights because the parole board's approach was contrary to state case law. <u>See</u> Pet. at 5-8 (relying on <u>Trantino</u>, 89 N.J. 347, and <u>Cestari</u>, 224 N.J. Super. 534).  This Court, however, cannot re-characterize the petitioner's claims asserting violations of state law into a federal constitutional claim. <u>See</u> <u>Engle</u>, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of application of state law, their petitions alleged no deprivation of federal rights and § 2254 is inapplicable); <u>Kontakis v. Beyer</u>, 19

_____

[9]

The petitioner's state-law-based claims include a reference to a decision issued by a federal court in <u>Paz v. Warden Fed.</u> <u>Correctional Institution</u>, 787 F.2d 469 (10th Cir. 1986).  The petitioner, apparently, fails to observe that (a) a decision of the Court of Appeals for the Tenth Circuit does not, by itself, qualify as a constitutional provision a violation of which could be cognizable within the meaning of 28 U.S.C. § 2254; and (b) the holding of <u>Paz</u> does not support the petitioner's constitutional claim.  <u>See</u> <u>Coar State</u>, 2006 WL 2472010, at *4 (detailing the distinction between the circumstances of <u>Paz</u> and the petitioner's case and explaining why the petitioner's constitutional argument is without merit).

F.3d 110, 116-17 & n.10 (3rd Cir. 1994) (where petitioner asserted in § 2254 petition that the challenged decision violated his rights under state law, federal court may not consider state law grounds).

Therefore, the petitioner's argument that his Second Denial was unconstitutional because the parole board considered certain matters in violation of state case law fails to state a claim entitling the petitioner to habeas relief and will be dismissed.[10] See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law").

---

[10] The only traceable constitutional angle of the petitioner's state-case-law claim is his reference to the Ex Post Facto Clause, see id., at 5-6, but, as this Court pointed out, that particular angle had already been addressed and dismissed as meritless by Judge Kugler during examination of the petitioner's challenges to his First Denial. Moreover, this very angle was noted by the Superior Court of New Jersey, Appellate Division, when it examined and found meritless the petitioner's identical constitutional challenge raised by the petitioner with respect to his Third Denial. See Coar State, 2006 WL 2472010, at *2-3 (noting that the ex post facto considerations are inapplicable to N.J.S.A. 30:4-123.53(a) since, "[a]lthough the parole standard has changed slightly, previous case law and analysis still applies when rendering a parole decision" and, while determining parole eligibility of all inmates, "the Parole Board must consider, among other things: the [matters that the petitioner terms as unconstitutional ex post facto considerations, namely, the] facts and circumstances of the offense . . . ; participation in institutional programs [and] statements by the inmate reflecting the likelihood that he . . . will commit another crime") (relying on N.J.S.A. 10A:71-3.11(b)). This state court's conclusion is not an unreasonable application of the Supreme Court precedents. See Garner v. Jones, 529 U.S. 244, 249-50 (2000) (relying on Lynce v. Mathis, 519 U.S. 433, 445-446 (1997); Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 508-509 (1995); and Collins v. Youngblood, 497 U.S. 37, 42 (1990)).

c.   <u>New Challenges Based on State Statute</u>

The last of three aspects of the petitioner's "preponderance of evidence" line of arguments relates to state statute, the Parole Act of 1979.  The petitioner alleges that the proper standard for evaluating the petitioner's suitability for parole "is not whether or not there is a 'substantial likelihood' of recidivism" on the part of the petitioner.  Pet. at 5.  According to the petitioner, "[t]he words 'substantial likelihood' do not appear in the . . . Parole Act of 1979."  <u>Id.</u>  Rather, according to the petitioner, "the [Parole] Board must produce a preponderance of evidence that [the petitioner] will commit [another] crime [if released] on parole," and application of the "substantial likelihood" standard violates the petitioner's rights.  <u>Id.</u> (emphasis removed).

However, if the petitioner asserts a misapplication of the state statute, the petitioner's allegations fail to state a constitutional claim and, thus, do not warrant habeas relief.  <u>See</u> <u>Engle</u>, 456 U.S. at 119-20 & n.19; <u>Kontakis</u>, 19 F.3d at 116-17 & n.10.  Moreover, even if this Court is to hypothesize that the petitioner's assertion sets forth an extremely poorly articulated constitutional claim based on the parole board's utilization of the "substantial likelihood" standard, the petitioner's claim is

18

without merit since it reflects nothing but the petitioner's misreading of the Parole Act.[11]

The Parole Act of 1979 did read, in its original version, as follows: "[a]n inmate shall be released on parole on the new parole eligibility date unless new information filed pursuant to [N.J.S.A. 30:4-123.54] indicates by a preponderance of the evidence that there is a *substantial likelihood* that the inmate will commit a crime under the laws of this State if released on parole at such time." N.J.S.A. 30:4-123.56(c) (emphasis supplied). The statute was amended in 1997 ("1997 Amendment"). See Trantino v. New Jersey State Parole Bd., 331 N.J. Super. 577, 604 (N.J. App. Div. 2000). The amended language of the Parole Act reads as follows: "[a]n inmate shall be released on parole on the new parole eligibility date unless information filed pursuant to [N.J.S.A. 30:4-123.54] indicates by a preponderance of the evidence that . . . there is a *reasonable expectation* that the inmate will violate conditions of parole." N.J.S.A. 30:4-123.56© (emphasis supplied). Since (a) the petitioner committed his offense before the effective date of the 1997 Amendment, see Pet. at 2-3, 7 and n. 3 (alleging that the

---

[11]

It appears that the petitioner's error ensues from (a) his misunderstanding that the Parole Act of 1979, Pub. L. 1979, c. 441, § 9, was codified as a set of statutory provisions rather than a single provision, and (b) his consequential reading of N.J.S.A. § 30:4-123.53, the provision titled "Release of inmate," *outside the context* supplied by a clarifying provision, N.J.S.A. § 30:4-123.56, titled "Schedule of future parole eligibility dates; statement of denial."

petitioner is being unduly subjected to an ex post facto application of the legal regime ensuing from the 1997 Amendment), and the original language of the Parole Act of 1979, which contains the "substantial likelihood" standard should be applicable to the petitioner, see N.J.S.A. 30:4-123.56(c); and (b) the petitioner himself alleges that the parole board applied the proper "substantial likelihood" standard to the petitioner when it evaluated the petitioner's suitability for parole, the petitioner's allegations fail to allege a violation of any type and, therefore, will be dismissed.[12]

## 2.   Other Previously Addressed Challenges

In addition to the above-discussed petitioner's "preponderance of evidence" line of arguments, the petitioner's instant application repeats, nearly verbatim, two of his claims stated as part of his challenge to the First Denial, i.e., the claims that (1) Judge Yannotti violated the petitioner's Sixth Amendment rights by failing to recuse himself, and (2) the parole board violated the petitioner's rights by failing to adhere to its own regulations through failing to decide his administrative appeal within 45 days of filing.  See Pet. 12-14.  Both claims were addressed by Judge

---

[12]
As this discussion demonstrates, the statutory reference to "preponderance of evidence" sets forth the applicable evidentiary basis for both pre- and post-1997-Amendment standards, which shifted from "substantial likelihood" to "reasonable expectation."

Kugler in detail and found without merit, and a certificate of appealability was denied by the Court of Appeals.  See Coar Federal, 2006 U.S. Dist. LEXIS 48586, at *9-11, 25-26.   The petitioner's instant repetition of the very same claims that were deemed meritless by Judge Kugler cannot transform these claims into meritorious ones.   Therefore, these claims will be dismissed for the reasons stated in Coar District, 2006 U.S. Dist. LEXIS 48586, at *9-11, 25-26.[13]

### 3.    Remaining Challenges

The petitioner's final line of arguments (unrelated to the petitioner's "preponderance of evidence" line of argument), includes an equal protection challenge, which is interwoven into the petitioner's due process argument.  See Pet. at 7, 13-14 ("The State . . . violated [the] petitioner's rights to Equal Protection and Due Process . . . .   The Parole Board lost all subsequent authority over the matter when it procedurally defaulted and denied [the petitioner's] rights to Due Process and Equal Protection").

---

[13]

In view of the petitioner's insistent repeats of the claims that have been deemed substantively meritless time and again, this Court reminds the petitioner that the concept of "abuse of the writ" is founded on the equitable nature of habeas corpus and applies when a prisoner engages in a conduct that disentitles him from the relief he seeks.  See Sanders v. United States, 373 U.S. 1, at 17-19 (1963).

It appears that the due process aspect of this final line of arguments is based on (a) the petitioner's belief that he has a vested due process right in being released on parole; and (b) the petitioner's conclusion that any denial of parole to the petitioner automatically means denial of due process, since the petitioner was not released on parole as he wished.  See Pet. at 9 ("Federal Courts have recognized and upheld the liberty[] interest[] that exists in parole statutes").

The Due Process Clause applies when government action deprives a person of liberty or property.  See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  As Judge Kugler already explained to the petitioner, "[p]rocedural due process [merely] requires a parole board to provide notice of the parole eligibility hearing, an opportunity for the inmate to appear at the hearing and present statements and letters in his own behalf, and a statement from the parole board informing the inmate why parole was denied." Coar Federal, 2006 U.S. Dist. LEXIS 48586, at *11, n. 4 (citing Greenholtz, 442 U.S. at 14-16).  Since the petitioner expressly acknowledges that he was notified of his parole hearing (which resulted in his Second Denial), and that he appeared at the hearing and was served with a statement of the parole board's decision, see Pet. at 3-4, his procedural due process challenge has no merit.  Uee Coar Federal, 2006 U.S. Dist. LEXIS 48586, at *11.

22

Furthermore, Judge Kugler already explained to the petitioner that

> "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them." <u>Foucha v. Louisiana</u>, 504 U.S. 71, 80 (1992). However, the Supreme Court has made clear that, when an executive action is at issue, only the most egregious, conscience-shocking conduct will be considered arbitrary in the constitutional sense. [<u>See</u>} <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 848 (1998) ("conduct intended to injure in some way unjustifiable by any government interest is the sort of action most likely to rise to the conscience-shocking level"). [However, the substantive due process requirement is not violated if the petitioner is denied parole because the Parole Board found] sufficient credible evidence for the Board's finding that there was a substantial likelihood that Coar would commit another crime if released on parole.

<u>Coar Federal</u>, 2006 U.S. Dist. LEXIS 48586, at *11-13.

Therefore, the petitioner errs in his belief that he has a due process right to be released on parole. <u>See</u> <u>Greenholtz</u>, 442 U.S. at 7 (explaining that there is no federal constitutional right to parole or to an error-free parole decision-making process). Rather, the petitioner's substantive due process liberty interests are limited to his right to a parole board's decision which is merely not conscience-shocking in its arbitrariness. <u>Foucha</u>, 504 U.S. at 80. Same with the petitioner's First Denial, the petitioner's Second Denial was not arbitrary, since it was based on his multiple crimes of a serious nature, lack of institutional programs and refusal to seek insights in his criminal behavior. <u>See</u> Pet. at 4, <u>accord</u> <u>Coar Federal</u>, 2006 U.S. Dist. LEXIS 48586, at

*12-13 (finding no violation of the petitioner's substantive due process rights for exactly the same reasons). Thus, the petitioner's claim based on his belief that he has denied his vested right to be released on parole does not warrant habeas relief.[14]

This Court, therefore, turns to the petitioner's remaining claim, i.e., that the petitioner's equal protection rights were violated by the Second Denial. The petitioner asserts that "[u]nder the current law[,] the [Parole] Board is effectively required to grant parole, even though the inmate may not be rehabilitated." Pet. at 7-8 (quoting Trantino, 331 N.J. Super. at 609). The petition, however, does not clarify whether the petitioner believes that his equal protection rights were violated because (a) he was denied parole while other non-rehabilitated inmates were released on parole, or (b) the entire class of non-rehabilitated inmates is being denied equal protection because rehabilitated inmates are being paroled. See generally, Pet.

The Equal Protection Clause provides that no state shall "deny

---

[14]

The petitioner's accompanying argument, namely, that the mere fact of his denial of parole automatically means denial of due process, fares no better. It is well established that an inmate is not denied due process merely because an unfavorable decision is reached with respect to his application to the prison officials since an outcome deemed unfavorable by the inmate is not the same as denial of constitutional rights. See Coades v. Kane, 1992 U.S. Dist. LEXIS 8844 (E.D. Pa. May 22, 1992); accord Laws v. Armontrout, 834 F.2d 1401, 1408 (8th Cir. 1987) ("Merely because a person was convicted does not mean the person received ineffective assistance of counsel").

to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. This is not a command that all persons be treated alike, but, rather, a direction that all persons similarly-situated be treated alike. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race," Washington v. Davis, 426 U.S. 229, 239 (1976), or any other suspect classification. See, e.g., Bakke v. California Bd. of Regents, 438 U.S. 265, 291 (1978) ("the guarantee of equal protection cannot mean one thing when applied to one individual and something else when applied to a person of another color" and "racial and ethnic distinctions of any sort are inherently suspect and thus call for the most exacting judicial examination"). Thus, although lawful imprisonment entails the necessary withdrawal or limitation of many rights and privileges, see Pell v. Procunier, 417 U.S. 817, 822 (1974), inmates have a constitutional right to be free from discrimination based on race and other "suspect classifications," such as alienage or country of origin. See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338 (3d Cir. 2004); Bentley v. Beck, 625 F.2d 70, 70-71 (5th Cir. 1980).

If this Court is to presume that the petitioner's equal protection claim alleges that some non-rehabilitated inmates are being released on parole while the petitioner remains imprisoned,

the claim is invalid since it is based solely to the petitioner's conjecture.  See generally, Pet.  The petitioner's allegations are devoid of any facts that a certain suspect class is being discriminated with respect to that class' parole release, or that the petitioner is actually a member of that discriminated suspect class.  See generally, Pet.  The petitioner cannot make a factual allegation out of his own oblivious guesswork, i.e., he may not "build a case on the 'gossamer threads of whimsey, speculation and conjecture.'" Keller v. Bluemle, 571 F. Supp. 364, 371 (E.D. Pa. 1983), aff'd, 735 F.2d 1349 (3d Cir. 1984); see also Advo, Inc. v. Philadelphia Newspapers, Inc., 51 F.3d 1191, 1197 (3d Cir. 1995). Lack of suspect-class allegations in the petition leads this Court to presume that the petitioner's equal protection claim draws a comparison between a non-suspect class of rehabilitated inmates and non-suspect class of non-rehabilitated ones, i.e., that the existing state regime disfavors parole of *all* non-rehabilitated inmates.[15]

---

[15]

    Contrary to the petitioner's claim, the applicable parole regime does not require release of non-rehabilitated inmates like the petitioner.  See Trantino, 331 N.J. Super. at 608-09 (indicating that the phrase quoted by the petitioner refers to the Commission's perception that a certain limitations might ensue from a literal reading of the pre-1997-Amendment statutory language, rather than to a finding that the applicable state regime mandated parole of non-rehabilitated inmates).  Therefore, the phrase quoted by the petitioner might only be interpreted as an ex post facto claim based on  a literal reading of the pre-1997-Amendment statutory language.  However, the parole board's refusal to read the pre-1997-Amendment statutory language literally does not amount

However, either enactment or enforcement of such legal regime does not amount to a violation of the Equal Protection Clause. Since the Parole Act, either as drafted or as applied, "neither burdens a fundamental right nor targets a suspect class," this Court will uphold the decision reached by the parole board so long as it bears a "rational relation to some legitimate end." Romer v. Evans, 517 U.S. 620, 631 (1996).

The consideration of whether an inmate applying for parole is rehabilitated is rationally related to a legitimate government interest. As the Superior Court of New Jersey, Appellate Division, clarified, "'[c]ommon sense dictates that the Parole Board's prediction as to future conduct . . . be grounded on due consideration of the aggregate of all of the factors which may have any pertinence.'" Coar State, 2006 WL 2472010, at *2 (discussing the Parole Act and quoting Beckworth v. New Jersey State Parole Bd., 62 N.J. 348, 360 (1973)) (original brackets removed). Therefore, the parole board did not violate the petitioner's equal protection rights when the parole board considered various indications that the petitioner had not been rehabilitated by the time of the Second Denial and applied to the petitioner the same standard the parole board applies to all non-rehabilitated inmates.

---

to a violation of the Ex Post Facto Clause.  See Oliver v. N.J. State Parole Bd., 2007 U.S. Dist. LEXIS 21136, at *9-15 (D.N.J. Mar. 26, 2007).

In view of the foregoing, the petitioner's allegations based on the Equal Protection Clause do not warrant habeas relief and will be dismissed.

## **Certificate of Appealability**

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## **CONCLUSION**

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus and denies a certificate of appealability.

/s/ Katharine S. Hayden
**Katharine S. Hayden**
**United States District Judge**

Dated: 9/5/07

28